UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RETISHA MYATT,

            Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER GEORGE MARTUCCI (Shield No. 05739), POLICE OFFICER CRUZ PEARSALL (Shield No. 28066), POLICE OFFICER JUANCAR CRUZ (Shield No. 03857), LIEUTENANT SHAWN CHARLSON

            Defendants.

**FIRST AMENDED COMPLAINT**

11-CV-0094(JBW)(RER)

<u>Jury Trial Demanded</u>

---

## **PRELIMINARY STATEMENT**

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth Amendment to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York. The case arises from an January 6, 2010 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force and fabricated evidence.

## **JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. The New York City Police department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

7. Police Officer George Martucci, Police Officer Cruz Pearsall, Police Officer Juancar Cruz and Lieutenant Shawn Charlson (the "officers") are members of the NYPD who violated plaintiff's rights as described herein. Does are sued in their individual and official capacity.

## STATEMENT OF FACTS

8. On January 6, 2010, at approximately 8:00 p.m., in the vicinity of 951 Putnam Avenue in Brooklyn, New York, the Officers arrested plaintiff without cause and falsely charged her with Obstructing Governmental Administration, Criminal Impersonation and Disorderly Conduct. Plaintiff is a New York State Corrections Officer.

9. At all relevant times, plaintiff was not involved in criminal activity. Plaintiff, having been informed that her cousin was being arrested, went outside to investigate. When plaintiff, from an appropriate distance, asked the officers what was happening, one of the officers shoved plaintiff.

10. Plaintiff, taken aback by the physical contact, responded "There is no need to put your hands on me, I am an Officer just like you, I am a Corrections Officer". The officer asked plaintiff if she had a gun, then placed plaintiffs in unnecessarily tight handcuffs.

11. Plaintiff was then taken to the 81st precinct for arrest processing. Once at the precinct, a family member of plaintiffs brought plaintiff's wallet, including her corrections identification. Officers disregarded plaintiff's offer of proof; proclaiming both that plaintiff was a liar and would lose her job.

12. On January 7, 2010, plaintiff was taken to Brooklyn Central Booking.

13. While plaintiff was in Central Booking, awaiting arraignment, one or more of the arresting officers met with a prosecutor employed by the New York County District Attorney's Office.

14. The officer(s) misrepresented to the prosecutor that plaintiff had committed various crimes.

15. As a result of the aforesaid misrepresentation, misdemeanor charges were filed against plaintiff.

16. At approximately 8:00 p.m. plaintiff was released on his own recognizance. At her next court appearances, plaintiff received an ACD.

17. As a result of defendants' actions, plaintiff experienced physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, pain and suffering, loss of liberty, and damage to reputation.

### FEDERAL AND STATE LAW CLAIMS AGAINST JOHN DOES

18. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-17 as if fully set forth herein.

19. The conduct of Police Officer George Martucci, Police Officer Cruz Pearsall, Police Officer Juancar Cruz and Lieutenant Shawn Charlson, as described herein, amounted to false arrest, excessive force, assault and battery, and fabricated evidence. This conduct violated plaintiff' rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL LAW CLAIMS AGAINST THE CITY OF NEW YORK

20. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-19 as if fully set forth herein. The City of New York directly caused the constitutional violations suffered by plaintiff.

21. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

22. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

23. The aforesaid conduct by the City of New York violated plaintiff' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    April 4, 2011
               New York, New York

6

Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

ROBERT MARINELLI (RM-4242)